UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

QUINCY BROOKS,                                   *DKT#:* 5440-CV-2013

                              Plaintiff,         **FIRST AMENDED COMPLAINT**

              - against -                         **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                             **ECF CASE**
P.O. JAMES ST. LOUIS (Shield # 14132),
P.O. LAMARR ELLIS (Shield # 12423),
P.O. "JOHN DOE" #1-5, Individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently
unknown),

                              Defendant.
-------------------------------------------------------------------x

        Plaintiffs, QUINCY BROOKS, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

        1.   Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

        2.   This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the

First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

        3.   Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

        4.   Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   Plaintiff, QUINCY BROOKS, is An African-American male, a citizen of the United States and at all relevant times a resident of the City and State of New York.

7.   THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.   That at all times hereinafter mentioned, the individually named defendants, P.O. JAMES ST. LOUIS (Shield # 14132), P.O. LAMARR ELLIS (Shield # 12423), and P.O. "JOHN DOE" # 1-5, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about May 3, 2012, at or near Lefferts Place and St. James Place in the County of Kings, City and State of New York, the Plaintiff was legally traversing the street.

14. The Plaintiff was not engaged in any wrongdoing or any criminal activity.

15. While in the vicinity of Lefferts Place and St. James Place, the Plaintiff was approached by P.O. JAMES ST. LOUIS (Shield # 14132), P.O. LAMARR ELLIS (Shield # 12423), and P.O. "JOHN DOE" # 1-5 and was placed under arrest, placed into handcuffs, and taken into custody.

16. The Plaintiff was criminally charged in Kings County Criminal Court under docket number 2012KN036511 with Criminal Possession of Marijuana in the Fifth Degree (PL § 221.10) and Unlawful Possession of Marijuana (PL § 221.05).

17. The Plaintiff did not commit any crime, or violation, on May 3, 2012.

18. The Defendant police officers were aware of the Plaintiff's innocence on May 3, 2012 at the time they arrested him and subjected him to a criminal prosecution by lodging a criminal complaint against him.

19. While in custody, the Plaintiff professed his innocence.  However, P.O. JAMES ST. LOUIS (Shield # 14132), said to the Plaintiff, "Don't you know what today is?  Today's Thirsty Thursday", or a statement similar to this.  By this statement, P.O. JAMES ST. LOUIS (Shield # 14132) intended to communicate to the Plaintiff that the police have arrested him without regard to his guilt or innocence and without regard to whether probable cause existed for his arrest. Moreover, P.O. JAMES ST. LOUIS (Shield # 14132) also said to Plaintiff, "you were at the wrong

place at the wrong time", or a statement similar to this.  As with the prior statement noted, P.O. JAMES ST. LOUIS (Shield # 14132), intended to communicate to the Plaintiff that the police arrested him without regard to his guilt or innocence and without regard to whether probable cause existed for his arrest.

20. P.O. LAMARR ELLIS (Shield # 12423) and P.O. "JOHN DOE" # 1-5 provided assistance to P.O. JAMES ST. LOUIS (Shield # 14132), in the arrest of the Plaintiff.  P.O. LAMARR ELLIS (Shield # 12423) and P.O. "JOHN DOE" # 1-5, knew or should have known that the arrest of the Plaintiff was unlawful.  Nonetheless, P.O. LAMARR ELLIS (Shield # 12423), failed and/or refused to intervene to prevent the unlawful arrest of the Plaintiff.

21. The Plaintiff was in jail for 2 days following his arrest.

22. The Plaintiff defended his criminal case for over 1 year and was required to return to Court many times for Court appearances.

23. The Plaintiff was acquitted after trial on July 26, 2013.

24. As a result of the foregoing, plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983**

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

33. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of

35. time, and plaintiff was put in fear for his safety, was humiliated and subjected to

handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

38. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

42. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

43. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

44. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

46. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

47. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when all criminal charges against him were dismissed.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants subjected the Plaintiff to a false arrest and malicious prosecution.

51. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority

attendant thereto.

52. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

53. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

        (a) Failing to properly train, in general;

        (b) Failing to supervise Police / law enforcement officers;

        (c) Subjecting persons to violations of their constitutionally protected rights;

        (d) Subjecting persons to false arrest and malicious prosecution.

54. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

55. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

56. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police / law enforcement officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

57. As a result of the foregoing, plaintiff's liberty was restricted for an extended

period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to

handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained,

inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental

anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and

deprivation of his constitutional rights.

## DAMAGES AND RELIEF REQUESTED

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. All of the foregoing acts by defendants deprived plaintiff of federally protected rights,

including, but not limited to, the right:

      A. Not to be deprived of liberty without due process of law;

      B. To be free from seizure and arrest not based upon probable cause;

      C. To be free from unwarranted and malicious criminal prosecution;

      D. To receive equal protection under the law.

60. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of

one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars

($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well

as costs and disbursements of this action, and any further relief as the Court may find just and

proper.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars

($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive

damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of

Action; and

Dated:  New York, NY
          February 12, 2014

By:   **/S/ Bryan Konoski**
      _____

      BRYAN KONOSKI (BK7563)
      Treyvus & Konoski, P.C.
      *Attorney(s) for the Plaintiff*
      305 Broadway, 14th Floor
      New York, NY 10007
      (212) 897-5832